HOLDAWAY, Judge,
dissenting:
I respectfully dissent with the holding of the majority. What we have here is two conflicting statutes. 38 U.S.C. § 3512(b)(1) and 38 U.S.C. § 3512(b)(3). There is no question that § 3512(b)(1) provides a 10-year limitation on eligibility for DEA benefits. The question is whether § 3512(b)(3) also provides for that 10-year limitation. The majority says that it does not. The majority assumes that since Congress created fixed periods of specific duration for all title 38 education or vocational assistance programs except for the DEA program, Congress did not intend for DEA to be limited to any fixed period. In the guise of “interpretation,” the majority in fact is rewriting the statute to vitiate one section of the law (§ 3512(b)(1)) and fill in a gap in another section that Congress, through sloppy legislation, failed to do. The result is good, in terms of equity for the appellant, but in arriving at this result, the Court renders § 3512(b)(1) meaningless.
I take note, with some amusement, of the majority opinion’s attempt to rebut my dissent. The amusement stems from using the term “plain meaning” in connection with this, to put it mildly, convoluted and essentially indecipherable statute. However, my quarrel is not with my colleagues as much as it is with the shoddy legislation that enticed them to assume a legislative role rather than a judicial one. I do not repine. The result is, perhaps, good as equity if not as law.